COE L. SMITH, PLAINTIFF-RESPONDENT, v. CLARENCE SMITH AND ANNA V. W. SMITH, DEFENDANTS-APPELLANTS.

Argued May term, 1933—Decided December 19, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the plaintiff-respondent, *Dolan & Dolan*.

For the defendants-appellant, *Raymond H. Berry*.

PER CURIAM.

This appeal presents for review a judgment recovered by the plaintiff on a promissory note which was signed by Clarence Smith and Anna V. W. Smith, his wife, on April 1st, 1909, in the sum of $3,300. The parties defendant no longer live as man and wife, the husband, Clarence Smith, is out of the state, and his wife was sued alone. The obligation is joint in character.

It appears that the husband paid the interest on this obligation up to August 8th, 1931.

The case was submitted to the jury and a judgment found in favor of the plaintiff and the defendant appeals on three grounds which will be considered in the order in which they were argued.

The first is that the court erred in refusing to grant motion made by defendant, Mrs. Smith, for a directed verdict.

The defense was that at the time the note was signed by her she was a married woman and that she received no consideration therefor and no value to her separate estate. If this could be demonstrated to be the fact she would of course have been entitled to a direction of verdict. Married Woman's act. 3 *Comp. Stat.*, p. 3226, § 5; *Peoples National Bank* v. *Schepflin*, 73 *N. J. L.* 29. The general rule is that a direction of verdict should not be granted where the minds of reasonable men might differ as to the conclusion to be formed from the facts in evidence. Here there was a disputed question of fact, the plaintiff having testified that he loaned the money to Mr. and Mrs. Smith to enable them to build a house or to pay for a house that had just been built. Therefore, the direction of verdict was properly denied.

The second ground for reversal is that the trial court erred in admitting evidence with reference to contracts and agreements made between Anna V. W. Smith and her husband, Clarence Smith, in 1927.

This ground of appeal is not available to the defendant because of its insufficiency. The rule is that grounds of appeal should specifically point out the judicial action complained of and in case of rulings on evidence should state the name of the witness, the questions or answers objected to and rules upon by the trial court, which was not done by appellant here. *Booth* v. *Keegan*, 108 *N. J. L.* 538.

The third ground of appeal is that the trial court erred in charging "each payment of interest made by Clarence Smith renewed the joint obligation of Clarence Smith and Anna V. W. Smith."

As to this ground of appeal, it will suffice to say that the principle of law enunciated is sound and has been recognized as applicable to joint liabilities, as here, for many years. *Parker* v. *Butterworth*, 46 *N. J. L.* 244. The substance of the appellant's complaint seems to be that the jury might have been misled by this part of the court's charge, coming as it did almost at the end thereof. A reading of the whole charge, however, convinces us that this is not and could not very well have been the fact.

The judgment appealed from should be affirmed, with costs.